[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11154

Non-Argument Calendar

_____

MALISA RANAE SIMS,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01082-JHE

_____

Before JORDAN, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Malisa Ranae Sims appeals the magistrate judge's order affirming the Commissioner of the Social Security Administration's denial of disability insurance benefits and supplemental security income. Ms. Sims argues that the administrative law judge ("ALJ") erred by failing to include certain non-exertional limitations in its hypotheticals to the vocational examiner ("VE"). We disagree and affirm.

In August of 2018, Ms. Sims filed applications for social security disability benefits and for supplemental security income. Following the denial of both applications, Ms. Sims requested a hearing, which the ALJ held on January 13, 2020. The ALJ determined that Ms. Sims has the severe impairments of major depressive disorder and anxiety. The ALJ also found that Ms. Sims "has the residual functional capacity to perform a full range of work at all exertional levels" but with certain non-exertional limitations. *See* D.E. 11-3 at 21. For example, according to the ALJ, Ms. Sims "could tolerate ordinary work pressures, but should avoid excessive workloads, quick decision making, rapid changes, and multiple demands. She could tolerate occasional interaction with the public, co-workers, and supervisors" and "[c]hanges in the work routine should be simple and occur no more than occasionally." *Id.* "Considering [Ms. Sims'] age, education, work experience, and residual functional capacity," the ALJ concluded that "there are jobs

that exist in significant numbers in the national economy that [she] can perform." *Id*. at 24.

Ms. Sims sought review of the ALJ's decision from the SSA's Appeals Council, and that request was denied. Ms. Sims then filed a lawsuit in the Northern District of Alabama, alleging that the Appeals Council's review of the ALJ's decision was "purely conclusory" and "epitomizes perfunctory adherence to the ALJ decision." D.E. 1 at 2. The magistrate judge—to whom the parties consented—ruled that "substantial evidence support[ed] the ALJ's determination that [Ms.] Sims failed to demonstrate a disability, and the ALJ applied the proper standards to reach this conclusion." D.E. 20 at 5–6. This is Ms. Sims' appeal.

"We review de novo the district court's decision on whether substantial evidence supports the ALJ's decision." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The Social Security Regulations provide a "five-step sequential evaluation process" to be used when deciding whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). These steps are:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has

a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Ms. Sims' challenge on appeal relates to the fifth step—whether there are a significant number of jobs in the national economy that she could perform. When making this determination, the ALJ may "apply[ ] the Medical Vocational Guidelines or . . . obtain[ ] the testimony of a vocational expert. *See Winschel* at 1180. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.*

Ms. Sims argues that "the ALJ's hypotheticals upon which the VE relied were incomplete. . . . because [they] failed to include all of the limitations identified by the ALJ." Br. for Appellant at 14. Specifically, she states that the ALJ did not include "limitations related to time off-task or absenteeism"—the former being "related to her depression and anxiety that would require her to be off task during the workday" and the latter being based on her "need for frequent bathroom breaks related to the removal of her

submandibular gla[n]d that requires excessive water consumption which would require to be off task during the workday[.]" *Id.* at 14–15.

In response, the Commissioner argues that Ms. Sims waived this argument because "at the district court level, [she] completely failed to identify any specific mental work-related limitations that the ALJ did not include in the hypothetical; instead, she merely asserted generally that the hypothetical question did not include or account for her depression and mental health problems." Br. for Appellee at 23. In the alternative, the Commissioner asserts that substantial evidence supports the ALJ's finding, and that "[t]he ALJ was not required to include [Ms. Sims'] unsupported allegations of limitations in the hypothetical question to the VE or to accept the VE's testimony in response to hypothetical questions that included unsupported allegations." *Id.* at 34.

Even assuming Ms. Sims did not waive this argument, we are unpersuaded that the ALJ presented an improper hypothetical question to the vocational expert. The written findings show that the ALJ considered Ms. Sims' "complain[t] at the hearing that her antihypertensive medication causes frequent urination and fatigue" but found that "the treatment records show no such complaints." D.E. 11-3 at 19. And while "medical evidence confirm[ed] that [Ms. Sims] underwent submandibular gland removal in 2011" . . . there [was] no indication of any other ongoing work-related limitations related to this impairment." *Id.* The ALJ also evaluated the medical evidence on Ms. Sims' anxiety, depression, crying

spells, and mental health treatment.  The ALJ found that Ms. Sims' "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" but concluded that Ms. Sims' "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 22-23.  Specifically, the ALJ determined that "[t]he treatment records and [psychologist,] Dr. [Jack L. Bentley, Jr.'s] examination report do not provide objective support for [Ms. Sims'] allegations that she is unable to work because of frequent urination and restroom breaks, crying spells, and lack of energy." *Id.* at 23.

The ALJ did not include certain limitations that Ms. Sims alleged she suffered, but the ALJ found that those limitations were not supported by the record.  We conclude the ALJ did not err in failing to include these limitations in the hypothetical presented to the vocational expert.  As an initial matter, "the hypothetical need only include 'the claimant's impairments,' . . . not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007).  And here the particular "characteristics that the [ALJ] omitted are among those that [Ms. Sims] alleged to suffer but were . . . not supported by" the medical evidence in the record.  *Id.*  Because "the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported" we find the hypothetical presented was proper. *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). *See also Lee v. Comm'r of Soc. Sec.*, 448 Fed. App'x 952, 953–954 (11th Cir. 2011).

22-11154                Opinion of the Court                7

We therefore affirm.

**AFFIRMED.**